or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and providing further, that except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments therefore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act, or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of Counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas, in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall this section apply to instruments, notes or other obligations taken by or on behalf of National Banking Associations organized under the laws of the United States, nor instruments, notes or other obligations taken by or on behalf of State Banking Corporations of the State of Texas created under Title 16 of the Revised Civil Statutes of Texas, nor shall the provisions of this section apply to obligations or instruments secured

by liens on crops and farm or agricultural pro-
ducts, or to livestock or farm implements, or
on abstract of judgment.

"If the amount secured by an instrument is
not expressed therein, or if any part of the
security described in any such instrument appears
to be located without the State of Texas, the
County Clerk shall require proof by written affi-
davits of such facts as may be necessary to deter-
mine the amount of the tax due.

". . . ."

It is well settled that when a purchaser of realty
as part of the purchase assumes a debt or other obligation of
the vendor, equity implies a lien to secure the performance of
the assumption. 43 Tex. Jur. 460; Burton-Lingo Co. v. Stan-
dard, 217 S. W. 446; Sanger Bros. v. Russell, 239 S. W. 153;
Gonzalez v. Zachry, 84 S. W. (2d) 855 (W. E. Ref.). Such a
transaction creates a lien in favor of the vendor on the pre-
mises conveyed as well as a personal obligation against the
vendee. Hable v. Owens, 287 S. W. 155; Dale v. Stevens, 75
S. W. (2d) 129; Opinion No. O-1328.

It is stated that the instrument evidencing the
original indebtedness runs in favor of an exempt agency.
However, the equitable lien obligation created by the execu-
tion of the deed in question, does not run in favor of this
agency, but in favor of the vendor in the instrument, a pri-
vate individual.

The tax levied by Article 7047e is on the entire
obligation, and no exception is made either as to obligations
running from husband to wife or obligations on homesteads.
Therefore, it follows that the deed is subject to the tax.
The pre-existing indebtedness assumed by the wife should be
considered in arriving at the amount of the tax to be paid,
and the tax should be figured on the entire amount assumed.

Very truly yours

APPROVED SEPT. 30, 1941                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers
                                           By

FIRST ASSISTANT                                /s/ Glenn R. Lewis
ATTORNEY GENERAL                                       Assistant


                                           By

GWS:mp                                         /s/ George W. Sparks

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN